(140 App. Div. 301.)

### ANDERSON v. BESTON.

(Supreme Court, Appellate Division, First Department.　October 21, 1910.)

DISCOVERY (§ 37*)—EXAMINATION BEFORE TRIAL—WHEN AUTHORIZED.

A plaintiff, avoiding a dismissal of his complaint, determined to be insufficient at the close of trial, by obtaining leave to move for an amendment, of which he does not avail himself, cannot thereafter procure an order for the examination before trial of defendant, on the ground that the examination may make it unnecessary to amend, and, if not, may determine the nature of the pleading required on amendment, nor an order for the examination limited to proving the allegations of the complaint.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 50; Dec. Dig. § 37.*]

Appeal from Trial Term, New York County.

Action by Frederick W. Anderson against Rachel S. Beston.　From an order denying a motion to vacate an order for the examination of defendant before trial, she appeals.　Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Isaac N. Miller, for appellant.

PER CURIAM.　This action came on for trial on the 22d of February, 1908.　At the conclusion of the trial, the justice presiding permitted the withdrawal of a juror, saying:

"If you desire to withdraw a juror and move for an amendment of your complaint at Special Term, Part 1, you may do so."

The plaintiff, having avoided a dismissal of his complaint or the direction of a verdict by obtaining leave to move at Special Term for an amendment, did not avail himself of said leave, and did not make such motion.　Two years thereafter he obtained an order for the examination of the defendant, and in his moving affidavit sets up the following:

"In the first place, said examination may develop such an authority in the said husband of the defendant to act for her as to make it unnecessary to apply for such an amendment, and, in the second place, if that be not accomplished, such examination may determine the nature and character of the pleading required upon such amendment."

A motion was made to vacate the order for the examination, which was denied, "except that the examination shall be limited to proving the allegations of the present complaint herein," and from said order the defendant appeals.

The order for the examination upon the alternative grounds stated should not have been granted, and the limitation thereof to proving the allegations of the present complaint should not have been made.　The plaintiff had his day in court upon the present complaint, and it was determined to be insufficient.　He may not at this late day be granted an examination in support thereof.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

125 N.Y.S.—6

The order appealed from should be reversed, with $10 costs and disbursements, and the motion to vacate the order for the examination of the defendant granted, with $10 costs.